**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

CIVIL ACTION NO. 21-42-DLB

TIM REED, INC.                                                                                             PLAINTIFF

v.                              **MEMORANDUM OPINION AND ORDER**

MOTORISTS MUTUAL                                                                       DEFENDANT and
INSURANCE COMPANY                                                           THIRD-PARTY PLAINTIFF

v.

JOHN JOHNSON, et al.                                                             THIRD-PARTY DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    This case involves an insurance contract dispute, originally filed in Pike Circuit Court by Tim Reed, Inc., an Eastern Kentucky construction company, against Motorists Mutual Insurance Company ("Motorists") stemming from repairs of a truck owned by Tim Reed and insured by Motorists. Motorists has filed a third-party complaint against John Johnson and Property Damage Appraisers, Inc., ("Third-Party Defendants"), who Motorists alleges is liable for some or all of the losses claimed by Tim Reed. The Thrd-Party Defendants filed a Notice of Removal in Pike Circuit Court, and thereby removed the case to this Court. (Doc. # 1). Plaintiff Tim Reed now seeks to remand the action, and the matter is currently before the Court upon Plaintif's Motion to Remand (Doc. # 7), which has been fully briefed (Docs. # 8 and 9), and is this ripe for review. For the reasons stated herein, Plaintiff's Motion to Remand (Doc. # 7) is **granted**.

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

In December 2018, a Ford pickup truck owned by Tim Reed, Inc. was involved in an accident with an uninsured motorist in Mingo County, WV.  (Doc. # 1-1 ¶ 6).  Tim Reed and its automobiles were insured by Motorists, and Tim Reed filed a claim with Motorists to initiate repairs to the pickup truck on the same day as the accident.  (*Id.* ¶ 7).  However, repairs to the truck took quite some time, and therein lies the dispute giving rise to this case.  Tim Reed did not receive the fully repaired truck until May 2019, almost five months later.  (*Id.* ¶ 12).  During those five months, Tim Reed alleges that it suffered economic loss stemming from the truck being out of service.  (*Id.* ¶ 13).

In August 2019, Tim Reed filed this lawsuit in Pike Circuit Court, in which it alleges that Motorists caused Tim Reed's economic loss by failing to fulfill the contractual obligations that Motorists owed to Tim Reed pursuant to the insurance policy entered between the two parties.  (*See generally* Doc. # 1-1).  Tim Reed also alleges violations of the Kentucky Unfair Claims Settlement Statute (*id.* ¶ 14), the implied covenant of good faith and fair dealing (*id*. ¶ 18, *et seq.*), and intentional misrepresentation (*id.* ¶ 27*, et seq.*).  In July 2020, after discovery had been conducted, Motorists removed the action to federal court, and this Court later granted a Motion to Remand, sending the case back to Pike Circuit.  *See Tim Reed, Inc. v. Motorists Mut. Ins. Co.*, No. 7:20-CV-106-DLB (E.D. Ky., filed July 31, 2020), ECF No. 1 and 10.  The Order remanding that case was based upon a lack of subject-matter jurisdiction, in which the Court reasoned that Defendants had not shown that it was "more likely than not" that damages in the case would exceed $75,000.  *Tim Reed, Inc. v. Motorists Mut. Ins. Co.*, No. 7:20-CV-106-DLB, 2020 WL 7391271, at *3-4 (E.D. Ky. Dec. 16, 2020).

Then, three months later back in Pike Circuit Court, Motorists filed a third-party complaint against Property Damage Appraisers, Inc., and its employee, John Johnson. (Doc. # 1-2).  Motorists alleges that the Third-Party Defendants, hired by Motorists to conduct damage inspections and adjustment services to its clients (such as Tim Reed), are liable to Motorists for all or part of the damages claimed by Tim Reed.  (*See id.*).  More specifically, Motorists alleges that the Third-Party Defendants caused "any alleged delay in the investigation and adjustment of the Plaintiff's claim," which is the central issue to Tim Reed's case against Motorists.  (*Id.* ¶ 9).  In May 2021, the Third-Party Defendants removed the action again, which makes the second time that the underlying case has been before this Court.

## II. ANALYSIS

28 U.S.C. § 1441(a) provides for the removal of "any civil action brought in a State court . . . by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  However, given the limited jurisdiction of the federal judiciary, "the removal statutes must be narrowly construed," as they were "adopted in order to restrict rather than expand the scope of removal from the state courts."  *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 464 (6th Cir. 2002).  Accordingly, "all doubts as to the propriety of removal are resolved in favor of remand."  *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

At issue here is § 1441(a)'s reference to "the defendant or the defendants," and whether that reference includes third-party defendants such as John Johnson and Property Damage Appraisers, Inc.  These Third-Party Defendants have argued that "[t]he

question remains as to whether 'defendant' . . . includes a party brought into an action to defend against a claim by the original defendant." (Doc. # 8 at 3). Unfortunately, however, the question does not remain, as the Supreme Court has spoken on the issue, *Home Depot, U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019), adopting a standard in line with the Sixth Circuit's longstanding view that "a third-party defendant is not a 'defendant' who may remove [an] action to federal court." *In re Mortgage Elec. Registration Sys.*, 680 F.3d 849, 853 (6th Cir. 2012). Accordingly, for the reasons that follow, Plaintiff's Motion to Remand is **granted** and this matter will be remanded back to Pike Circuit Court.

For many years, federal courts across the country were split as to whether 28 U.S.C. § 1441(a)'s mention of "defendants" included third-party defendants who were not originally named in the action, but who were instead added as parties by way of impleader under Rule 14 of the Federal Rules of Civil Procedure. Titled "Third-Party Practice," Rule 14 refers to impleaded defendants as "third-party defendants." *See* Fed. R. Civ. P. 14. In 2002, the Sixth Circuit outlined these conflicts in *Curry*, in which the court cited cases, articles, and treatises far and wide, but settled upon the principle that "third-party defendants are not 'defendants' for purposes of § 1441(a)." 301 F.3d at 462-63.

To be clear, this Court is bound by Sixth Circuit precedent, and *Curry* has not been overturned by the Supreme Court. However, the parties in this case have concentrated their briefings not on *Curry*, but instead on *Home Depot U.S.A.*, and because of that, the Court will address that case, which held that "third party counterclaim defendants" (joined in an action under Rule 13(h)) are not "defendants" for purposes of § 1441. 139 S. Ct. at 1746. Here, Third-Party Defendants argue that the *Home Depot U.S.A.* holding is limited

4

only to counterclaims, and is thus inapplicable here, as the Third-Party Defendants are not counterclaim defendants under Rule 13(h), but are instead third-party defendants under Rule 14.  (*See* Doc. # 8).  However, a closer look at *Home Depot U.S.A.* reveals that its holding is equally applicable to Rule 14 third-party defendants, and the case certainly does not overturn *Curry* – in fact, it bolsters it in the Court's view.

To begin, the Supreme Court made clear that the crux of the *Home Depot U.S.A.* holding rests in the fact that Home Depot was not an originally named party to the action. 139 S. Ct. at 1748.  Under a plain reading of the phrase "the defendant" as used in § 1441(a), the Court writes, any party not named as the defendant in the original underlying action is not a "defendant" for removal purposes.  *Id*.  Further bolstering the holding's application to Rule 14 is that the Court distinguished third-party defendants in Rule 14, alongside counterclaim defendants in Rule 13, as a specific type of "defendant" mentioned in the Federal Rules not applicable to "the defendant" in § 1441.  *Id.* at 1749.

The Court also noted that the critical inquiry in evaluating removal and remand is "whether [the] action could have been brought originally in federal court," and because counterclaims have no effect on subject matter jurisdiction, they cannot affect removal. *Id.* at 1748 (internal citations omitted).  Such is the same with respect to third-party practice, as it is "not necessary that independent grounds of jurisdiction exist between the plaintiffs and the third-party defendants, against whom no relief was sought by the plaintiffs[.]"  *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965).  Additionally, in the wake of *Home Depot U.S.A.*, other district courts have applied its reasoning to Rule 14 third-party defendants.  *See, e.g.*, *Jefferson Capital Sys., LLC v. Alveranga*, No. 1:20-CV-990, 2020 WL 6685304 (N.D. Ohio Nov. 12, 2020);  *Axel Royal, LLC v. KLM Grp., LP*, No. 19-

CV-68-CJE-JFJ, 2019 WL 11025882 (N.D. Okla. June 12, 2019).  In short, the substantial similarities between Rule 13 and Rule 14, especially with respect to the specific methods of reasoning employed by the Supreme Court with respect to Rule 13, broadly support an application of the holding on in *Home Depot U.S.A.* to third-party defendants under Rule 14.

Additionally, irrespective of the *Home Depot U.S.A.* holding, this Court is nonetheless bound by the Sixth Circuit, which has stated clearly that third-party defendants are not permitted to remove actions to federal court.  *See, e.g.*, *Curry*, 301 F.3d at 461 ("We hold that third-party defendants are not 'defendants' for purposes of § 1441(a)."); *Mortgage Elec. Registration Sys.*, 680 F.3d at 853.  Nothing in the *Home Depot U.S.A.* decision stands to suggest that circuit-level cases such as *Curry* are abrogated or overturned, and the parties here have not argued such, either.  While Third-Party Defendants here have crafted an artful argument raising points of statutory interpretation (Doc. # 8 at 3), the Court cannot and most certainly will not interpret its way around clear-cut Sixth Circuit case law.  Even though *Home Depot U.S.A.* dealt with a slightly different issue, the Supreme Court's reasoning is directly analogous to the Sixth Circuit's holding in *Curry*, which, if anything, serves only to further strengthen *Curry*.  As such, *Curry* is certainly not overturned, and is nonetheless binding on this Court.

Lastly, the Court notes *arguendo* that even if third-party defendants were able to remove cases under § 1441, this case would still be remanded for failing to meet the amount-in-controversy requirement of § 1332.  Almost one year ago, this Court determined that the underlying case did not meet the amount in controversy requirement, and it sees no new information beyond the facts presented to it then.  (*Compare Tim*

*Reed*, 2020 WL 7391271 *with* Doc. # 8 at 3-4). As the Court noted in that Order, the removing party bears the burden of establishing subject matter jurisdiction. *Heyman v. Lincoln Life Nat'l Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019). Here, not only have the removing parties failed to meet that burden, but they are prohibited from removal by law, as third-party defendants are not considered "defendants" for removal purposes in the Sixth Circuit, and that conclusion is supported by the Supreme Court's recent decision in *Home Depot U.S.A.* For all these reasons, the Plaintiff's Motion to Remand (Doc. # 7) is **granted** and this case is **remanded** to the Pike Circuit Court.

III.   **CONCLUSION**

    (1)   Plaintiff's Motion to Remand (Doc. # 7) is **GRANTED;**

    (2)   This matter is **REMANDED** to the Pike Circuit Court; and

    (3)   This matter is **STRICKEN** from the Court's active docket.

This 17th day of November, 2021.

Signed By:
David L. Bunning
United States District Judge